[Crim. No. 19771. Second Dist., Div. One. Oct. 14, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
TRUMAN DONIHUE TEMPLE, Defendant and Appellant.

## COUNSEL

R. L. Juniper, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment of conviction of violation of Penal Code section 270, a felony. Because of *In re King,* 3 Cal.3d 226 [90 Cal.Rptr. 15, 474 P.2d 983], decided while this appeal was pending, we modify the judgment to one of conviction of a misdemeanor and remand the matter to the trial court for resentencing.

Stated in the light most favorable to the judgment, the record reveals the following. Appellant was divorced from Mrs. Jean Temple by an interlocutory decree entered September 6, 1962, and a final decree entered September 25, 1963. The interlocutory decree requires that appellant pay $100 per month for the support of each of three children, the issue of the marriage, and is incorporated in the final decree. The final judgment of divorce also states that appellant "shall pay to [Mrs. Temple] the sum of $350 per month for support of herself and the minor children of the parties effective upon the date on which [he] obtains employment." Appellant is an architect and engineer. Prior to the divorce, he realized from $1,200 to $1,800 per month from his profession. While he was unemployed for a period during the pendency of the divorce proceedings, he was employed at the time the final decree was entered. Appellant suffered from no problem of health which interfered with his ability to work.

Appellant initially made the payments required by the divorce decree. He remarried in 1963. On March 24, 1964, apparently by reason of complaints of lack of child support by his ex-wife, appellant entered into an agreement with the Los Angeles District Attorney's office by which he undertook to make his child support payments to the Los Angeles Superior Court Trustee. Appellant agreed also to inform the district attorney's office if he moved, if his occupation changed, or if his income changed. He also met with a representative of the Bureau of Public Assistance in 1964 and discussed the matter of support of his children.

In February 1966, appellant obtained employment with Daniel, Mann,

Johnson and Mendenhall and was sent to Florida by his employer. He moved there with his new wife, a child born in 1965, and a daughter of the wife by a previous marriage. Late in July 1966, appellant's employment was terminated because the project upon which he had been working was completed. On August 1, 1966, he ceased making payments of child support. Appellant collected unemployment compensation for 26 weeks. He was unable to obtain employment as an engineer or architect in Florida. Late in 1966, he acquired an interest in a business servicing office machines, drawing between $150 and $175 per month from the business. He and his new family lived in quarters owned by a business associate. During at least part of the time, he paid no rent.

The Bureau of Public Assistance wrote several letters to appellant directed to his last known address in California concerning his failure to support his children. In 1967, appellant directed a letter to the bureau stating that he was unable to work because of a heart condition. In 1967, he also informed the bureau by letter that future correspondence should be addressed to him in Italy. He did not leave the United States.

Appellant returned to California in November of 1969 still having made no payment for support of his children since August 1, 1966. On February 10, 1970, he was charged in an information filed in the superior court with failure to provide for his dependent children in violation of Penal Code section 270. The information alleges that the offense occurred "on or between July 1966 and October 1969" and that "during said violation and for more than ten days prior to October 24, 1969, the . . . defendant remained out of the State of California, having failed and refused to comply with the order of a court of competent jurisdiction requiring him to make provision for the maintenance, [and] support . . . of such minor children." Appellant was tried by a jury. He introduced evidence that his omission to provide for the children born to his marriage with Mrs. Jean Temple resulted from his inability to do so by reason of financial reverses and the need to support his new family. The jury rejected the defense and found him guilty as charged. The trial court suspended proceedings and entered its order placing appellant on probation for 12 years conditioned upon payment of a fine of $1,000 and confinement in the county jail on alternate weekends for a period of one year. This appeal followed.

Appellant contends: (1) the portion of Penal Code section 270 which increases the severity of the offense to a felony, where the defendant failing to provide for his children pursuant to a court order remains absent from the state, is an unconstitutional denial of equal protection; (2) the judgment is invalid because it imposes a period of probation in excess of the maximum sentence that may be imposed for a violation of Penal Code section 270;

and (3) the evidence is insufficient to support the guilty verdict by reason of a failure of proof that appellant's omission to provide for his children was wilful and without lawful excuse.

### Constitutionality of Felony Portion of Penal Code Section 270

Penal Code section 270 provides that a father who wilfully and without lawful excuse omits "to furnish necessary clothing, food, shelter or medical attendance" for his minor child is guilty of a misdemeanor. The statute increases the severity of the offense to a felony if, during the violation, the father remains out of the state for 30 days or if he fails or refuses to comply with a support order of a court of competent jurisdiction and remains out of the state for 10 days.

Our Supreme Court has stated in a decision published after the trial of the case at bench: ". . . [W]e find that the felony provision [of Penal Code section 270] constitutes a denial of the equal protection of the laws and is therefore invalid." (*In re King,* 3 Cal.3d 226, 235 [90 Cal.Rptr. 15, 474 P.2d 983].) *King* deals with that portion of section 270 which raises the offense of failure to provide to a felony if the father remains out of California for 30 days. While the decision is not concerned directly with the companion portion of the statute increasing the severity of the crime where the father remains absent for a 10-day period while under a court order to pay support, its rationale is equally applicable to that situation, the one before us in the case at bench.

*King* finds an invidious discrimination in the language of section 270 which focuses on the father who "remains" absent from the state. Thus our Supreme Court states: "The application of this distinction [between fathers who remain outside the state and those who do not] may often lead to what appears to be fortuitous, and even arbitrary results. Thus, for example, if a father of a family in New York fails to provide support for his children, and his family subsequently moves to San Francisco, the father by remaining in New York for 30 days will be guilty of a felony; a nonsupporting father in Los Angeles whose family moves to San Francisco, will, by contrast, only be guilty of a misdemeanor if he remains in Los Angeles. Although the *criminal quality* of the New York father's conduct appears to be no different than that of the Los Angeles father, by the terms of section 270 he has committed a much more serious crime and is subjected to harsher penalties." (3 Cal.3d 226, 232-233.)

The same reasoning is applicable to the father, subject to a court order, who remains absent from California for 10 days. By the terms of section 270, the nonsupporting father subject to a competent New York court order whose family moves to Los Angeles will be guilty of a felony if he

fails to follow them to California within 10 days, while a nonsupporting father subject to a California court order whose family moves from Los Angeles to San Francisco will be guilty only of a misdemeanor.

Respondent argues that the classification in section 270 here considered must be validated because of the state interest in enforcing orders of support issued by a court of competent jurisdiction. Undoubtedly there is such an interest which justifies harsher treatment to nonsupporting fathers subject to a court order than to nonsupporting fathers who are not. Section 270 does not, however, draw that distinction. Its classification, rather, is between two categories of nonsupporting fathers, both subject to a court order, those within California and those who remain absent from the state for 10 days. That is the precise distinction declared unconstitutional in *King*.

Respondent argues also that there is a compelling state interest in preventing fathers subject to a court order of support from fleeing the jurisdiction of California. Again, the state interest is one which would validate a properly drawn statute but one which is inapplicable to section 270 as drafted. A similar argument was made in *King*. Our Supreme Court rejected it, stating that the word "remains" used in section 270 is "too clear to permit us to construe it as intended to apply only to resident fathers who flee the state to evade their support obligations. If elimination of objectionable parts of a statute requires a wholesale rewriting, a court's attempt to do so transgresses both the legislative intent and the judicial function." (3 Cal.3d 226, 237.)

We thus conclude that the portion of Penal Code section 270 which raises appellant's crime to a felony is unconstitutional. That conclusion, however, "does not require that we set aside the conviction in its entirety." (*In re King*, 3 Cal.3d 226, 238 [90 Cal.Rptr. 15, 474 P.2d 983].) Rather, the appropriate disposition is one which modifies the judgment to one of conviction of a misdemeanor. (*In re King, supra*, 3 Cal.3d 226, 238.)[1]

### Period of Probation

The trial court suspended proceedings and placed appellant on probation for a period of 12 years (a term expiring when his youngest child by Mrs. Jean Temple will reach majority). Penal Code section 1203a provides that in the case of a misdemeanor conviction the court shall have the power to

---

[1]Inherent in the disposition in *King* is the holding that the Superior Court has jurisdiction to enter a judgment of conviction of Penal Code section 270 although violation of that statute is a misdemeanor. But cf. *In re McKinney*, 70 Cal.2d 8, 13 [73 Cal.Rptr. 580, 447 P.2d 972].

place the defendant on probation for a period not to exceed three years. The period of probation imposed by the trial court is thus excessive in view of our finding of unconstitutionality of the felony portion of Penal Code section 270.

### Sufficiency of Evidence

Appellant contends that the evidence is insufficient to support his conviction. He argues that the record fails to support the conclusion that his failure to support his children was wilful and without lawful excuse. Our reading of the record requires that we reject the contention.

Penal Code section 270 provides in part: "Proof of . . . the omission by such father to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is prima facie evidence that such . . . omission . . . is willful and without lawful excuse." That provision places upon the defendant the burden of going forward with the evidence that his omission to provide was not wilful or was excusable. (*People* v. *Sorensen*, 68 Cal.2d 280, 286 [66 Cal.Rptr. 7, 437 P.2d 495, 25 A.L.R.3d 1093].) Here, appellant did go forward with the evidence. His evidence established, however, that he had cash income in the range of $150 to $175 per month and was susceptible of the inference that at some periods he received non-cash income in the form of free household rent from a business associate. He paid nothing at all from that income for the support of his children.

While appellant also produced evidence that his failure to provide support from that income was excusable because of his financial inability to pay (see *People* v. *Arnold*, 66 Cal.2d 438 [58 Cal.Rptr. 115, 426 P.2d 515]), the jury was not required to accept appellant's theory that he was totally excused from contributing anything at all to the support of his children from his admitted income. Appellant had informed the California Bureau of Public Assistance that he was unable to earn any amount to be contributed to support because of a heart condition. He testified on cross-examination before being confronted with his letter to the Bureau of Public Assistance that he had never been physically incapacitated. Appellant similarly falsely informed the bureau that he was leaving the United States. The jury could properly infer from appellant's efforts to mislead the Bureau of Public Assistance that his testimony to the effect that all of his earnings were required for purposes which precluded any support at all to his children in California was false.[2]

---

[2]The jury could similarly reject a second contention that appellant believed he was relieved of a duty to support his children because of the remarriage of Mrs. Jean Temple.

## Disposition

The judgment (order granting probation) is modified by striking the words "a felony." The conviction as modified is affirmed. The matter is remanded to the trial court for resentencing in accord with this opinion.

Lillie, Acting P. J., and Clark, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 9, 1971.